UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| TOMAS ZAVALIDROGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-00497-wks |
| | ) | |
| CITY OF BURLINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**
**DENYING THE CITY OF BURLINGTON'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO ENFORCE TERMS OF STIPULATION AGREEMENT**
(Docs. 14, 35)

Plaintiff Tomas Zavalidroga, a Vermont resident representing himself, brings this action under 42 U.S.C. § 1983 alleging Defendants violated his Fifth and Fourteenth Amendment rights when they improperly ticketed, towed, and imposed vehicle storage fees on his car. Defendant City of Burlington ("the City") moves to dismiss the case for failure to exhaust administrative remedies and as moot. (Doc. 14.) Plaintiff opposes the motion. (Doc. 23.) Plaintiff moves to enforce the terms of a stipulation agreement between himself and dismissed Defendants Spillane's Towing and Recovery and Kevin Spillane ("Spillane Defendants"). (Doc. 35.) The Spillane Defendants oppose the motion. (Doc. 36.) For the reasons discussed below, the City's motion to dismiss and Plaintiff's motion to enforce the terms of a stipulation agreement are DENIED.

## I. Plaintiff's Allegations and Claims

As Plaintiff is a self-represented litigant, the court assumes the truth of the factual allegations in Plaintiff's Complaint and construes the pleading to raise the strongest arguments it

suggests. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam).

Plaintiff alleges that the City has a "three-day parking spot rule." (Doc. 4 at 2.) He claims that, on February 5, 2025, his car was parked in Burlington, Vermont, and he moved it approximately fifty feet from its previous parking spot at 23 Ledgemere St. to a new parking spot in front of 33 Ledgemere St. (*Id.*) He avers that, shortly after he moved his car, the resident of 33 Ledgemere St. came outside, questioned Plaintiff about where he had parked, and "appeared to be greatly displeased with the car being legally parked in front of his house." (*Id.*) Plaintiff states that, when he returned to the spot where his car had been parked the next day, he found his vehicle had been towed. (*Id.*)

Plaintiff alleges that he successfully appealed both the ticketing and towing of his car to "the City's Parking [A]ppeals." (*Id.*) However, he claims he was only given one day to retrieve his car before incurring storage fees and was unable to pick up his car within that timeframe for a variety of reasons. (*Id.*) Plaintiff states that, by the time he was able to "orchestrate retrieval" of his car, it had already incurred more than one hundred dollars in storage fees, which he was unable to pay. (Doc. 4 at 2.) Plaintiff avers that he "attempted a further modification of the City's appeals Order to allow him to pick up the vehicle, but the City refused to acknowledge the submissions and engaged in a pattern of obstructive behavior." (*Id.*)

It is unclear what specific causes of action Plaintiff intends to assert. Plaintiff invokes 42 U.S.C. § 1983 and repeatedly cites the Fifth and Fourteenth Amendments. (*Id.* at 1.) Based on Plaintiff's allegations that his vehicle was "taken without just compensation" and was the subject of an "unlawful seizure[,]" the court interprets him to be bringing claims under the Fifth Amendment's Takings Clause and for deprivation of property without due process in violation of

the Fourteenth Amendment. (*Id*. at 2, 3.) Plaintiff also states his intention to raise "several state causes of action" and violations of "several provisions of the Vermont state [C]onstitution and statutes" but does not specify what those causes of action are. (*Id*. at 1.)

Plaintiff claims that, as a result of his vehicle's impoundment, he "suffered a massive disruption of his daily activities and potential employment," lost earnings, and was deprived of the use of his property for an extended period of time. (*Id*. at 2.) He seeks compensatory damages, punitive damages, a declaration that his property was taken without just compensation in violation of his Constitutional rights, and an injunction ordering that his car be returned to him.[1] (Doc. 4 at 3.)

## Analysis

### I. Defendant City of Burlington's Motion to Dismiss

The City moves to dismiss Plaintiff's claims against it on the grounds that Plaintiff failed to exhaust his administrative remedies and that the allegations against it are moot. The Supreme Court "has stated categorically" that, for plaintiffs who are not prisoners, "exhaustion is not a prerequisite to an action under § 1983." *Patsy v. Bd. of Regents of State of Fl.*, 457 U.S. 496, 500 (1982). As Plaintiff is a non-prisoner whose only cognizable claims arise under § 1983, dismissal for failure to exhaust is not appropriate.

"The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present an actual dispute between parties." *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001). A "case that is 'live' at the outset may become moot when it becomes

---

[1] On April 27, 2026, Plaintiff informed the court that his car had been returned to him on April 8, 2026. (Doc. 35 at 2.) Accordingly, Plaintiff's request for an injunction ordering that his vehicle be immediately returned to him is DISMISSED as moot.

impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury." *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (citation modified). "For example, when it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and interim relief or events have completely and irrevocably eradicated the effects of the alleged violation, the issue is moot." *Catanzano*, 277 F.3d at 107. When "a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013).

The City argues that the claims against it are moot because Plaintiff's parking ticket was dismissed and his vehicle is available for pickup.[2] (Doc. 14 at 4.) However, reading Plaintiff's Complaint to raise the strongest arguments it suggests, Plaintiff is seeking damages in part as compensation for being wrongfully deprived of his vehicle for "an extended period of time" resulting in "significant loss of earnings." (Doc. 4 at 2.) That Plaintiff is permitted to retrieve his car does not "irrevocably eradicate[] the effects" of being wrongfully deprived of it and thus does not moot his claims against the City. *See Catanzano*, 277 F.3d at 107.

The City's Motion to Dismiss is DENIED.

## II. Plaintiff's Motion to Enforce Terms of Stipulation Agreement

On March 18, 2026, Plaintiff and the Spillane Defendants notified the court that they had settled the claims between them and requested that the Spillane Defendants be dismissed from this action with prejudice. (Doc. 33). This request was granted, and the Spillane Defendants

[2] Counsel offers a number of unsworn statements in its motion to dismiss that contradict or are otherwise outside of the allegations of the Complaint, such as that when "Plaintiff did not pick up the vehicle in the timeframe allotted prior to fees being charged, the City extended that time[.]" (Doc. 14 at 4). While a district court may refer to evidence outside the pleadings when deciding a motion to dismiss for lack of subject matter jurisdiction, *see Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000), no evidence, such as an authenticated declaration, accompanied the City's motion. Counsel's unsworn statements may not be considered.

were dismissed from this case the same day. On April 27, 2026, Plaintiff filed a Motion to Enforce Terms of Stipulation Agreement stating that Plaintiff's vehicle had been returned to him but was missing "a large number of expensive pieces of equipment" that had been in the car at the time it was towed. (Doc. 35 at 1-2.) Plaintiff seeks enforcement of the settlement agreement. (*Id*. at 2.) In their opposition to Plaintiff's motion, the Spillane Defendants argue that this court lacks jurisdiction over the settlement agreement dispute and that Plaintiff has not established a breach. (Doc. 36.)

Absent language in the order of dismissal retaining jurisdiction over the settlement agreement or incorporating the parties' obligations under the settlement agreement into the order, "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-82 (1994). A "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id*. at 381.

Plaintiff asserts no independent basis for federal jurisdiction over the settlement agreement dispute, and the court is aware of none. The court has not entered an order retaining jurisdiction over the settlement agreement nor incorporating the settlement agreement's terms. Accordingly, Plaintiff's Motion to Enforce Terms of Stipulation Agreement is DENIED for lack of subject matter jurisdiction.

**CONCLUSION**

The City's Motion to Dismiss (Doc. 14) is DENIED. Plaintiff's Motion to Enforce Terms of Stipulation Agreement (Doc. 35) is DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of August 2026.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge